## JOHN SHULTZ'S ASSIGNEE v. GEORGE BEATTY.

[Abstract Kentucky Law Reporter, Vol. 6—662.]

**Liability to Pay Attorney's Fees.**

Where one is adjudged to be entitled to a fund collected by an assignee, and the assignee directed to turn it over to him, he is entitled to all of it and the assignee can not deduct therefrom sums he has paid his attorneys in attempting to take the fund from its rightful owner, and where under an employment the attorneys' fees are to depend on the ultimate success of the attorneys in the prosecution of the case, and they do not succeed, nothing is due them.

**Execution—Reversal—Right of Purchaser.**

Where the execution plaintiff purchased the equity of redemption, and the judgment is subsequently reversed on appeal he takes nothing under such sale and purchase.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 5, 1885.

OPINION BY JUDGE PRYOR:

The reversal of the judgment below entitled the appellee to recover back the moneys that had been collected by the assignee and the latter had no right in response to the rule for restitution to rely upon the sums paid out of the·fund that he collected, to his attorneys and the sheriff, as a set-off to appellee's claim. It was a chancing bargain between the assignee and his attorneys by which he was indemnified and the attorneys responsible to him, and therefore he will not be allowed to say that out of this fund, that properly belonged to the appellee, he had the right to pay his attorneys, and having done so, appellee must sustain the loss. Ordinarily where there is no supersedeas, the party recovering in his fiducial capacity and paying out the money before a reversal, will not be personally responsible, but only liable to the extent of assets in his hands unadministered, but here the attorneys under their contract with appellant must be regarded as holding the money for him and he should be compelled to refund it.

According to the statement of the assignee he had made a contract with his attorneys by which he was not responsible for costs, damages, or attorneys' fees, in other words the attorneys stood between him and all danger in the premises, as he was not liable for any attorneys' fee, he should not have paid any. The claim to the attorneys' fee depended on the ultimate success of the attorneys in the prosecution of the case, and having failed to recover they were not entitled to any fees, and it would be at best inequitable to require the appellee to pay the attorneys' fees and costs out of his own means to those who were attempting to recover from him this sum of money. The appellee should be content to recover the money without interest, and particularly when the money that had been collected had been deposited in the bank and not used by appellant, and that he states in his response that no interest had been received upon it. This statement must be taken as true, as there is no denial, and the question arises on a demurrer to the response, nor should the appellant be held responsible for the amount of the purchase under the execution of the land of the appellee, sold subject to the mortgage of the Farmer's Bank. It was not a sale of the land; the appellant acquiring no title and the reversal of the judgment deprived him of any right to enforce his lien. The debt was

extinct; this court having adjudged that he was not liable to the appellant, Dudley, by his purchase only acquired a lien with 10 per cent. interest, and to say that the lien can be enforced after the debt is gone would.be to give to the appellant the amount of his bid without any consideration whatever. The appellee is left with his land in possession as if no sale had been made, the appellant having neither title nor lien upon it.

The judgment so far as it makes the appellant liable for this bid or the amount of his purchase is reversed and to the extent the appellant is charged with interest, it is erroneous and in these two particulars only will any change be made in the judgment below. The cause is remanded for proceedings consistent with this opinion.

Judge Holt not sitting.

Judgment *reversed.*

*Reid & Stone, for appellant.*

*J. J. Cornelison, for appellee.*

[Cited, *Bridges v. McAlister,* 106 Ky. 797, 21 Ky. L. 428, 51 S. W. 603, 45 L. R. A. 800, 90 Am. St. 267.